IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02397-RTG
(**The above civil action number must appear on all future papers
sent to the Court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

CARLOS A. QUIJADA LARA,

      Plaintiff,

v.

JUAN BALTAZAR, Warden of ICE Processing Center,

      Defendant.

---

## REVISED ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

Plaintiff, Carlos A. Quijada Lara, is currently detained at the ICE Aurora Contract Detention Facility in Aurora, Colorado. On May 29, 2026, he submitted *pro se* a "Motion to 42 U.S.C. § 1983" (ECF No. 1)[1] to the Court. As a result, this civil action was initiated.

On June 1, 2026, the Court ordered Plaintiff to cure certain designated deficiencies. (ECF No. 3). In that Order, the Court directed Plaintiff to either pay the $405.00 filing fee or submit the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form as well as a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding this filing

---

[1] "(ECF No. 1)" identifies the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This manner of identifying a document on the electronic docket is used throughout this order.

and an authorization to calculate and disburse filing fee payments. (*Id.*). Plaintiff is not a

"prisoner" as defined by 28 U.S.C. § 1915(h) and, therefore, the fee payment provisions

of the statute are inapplicable. *See Cohen v. Clemens*, 321 Fed.Appx. 739, 742-43

(10th Cir. 2009) (holding that the fee provisions of the 1996 Prison Litigation Reform Act

(PLRA) do not apply to alien detainees in immigration custody) (unpublished opinion);

*see also Agyeman v. Immigration and Naturalization Serv.*, 296 F.3d 871, 886 (9th Cir.

2002) (holding that an alien detainee is "not a 'prisoner' within the meaning of the

statute, and the PLRA's filing fee provisions do not, therefore, apply"). Therefore, if he is

granted leave to proceed to proceed *in forma pauperis*, he will not be required to pay

the filing fee payments. Thus, **an authorization to calculate and disburse filing fee**

**payments is not required.** As such, the Court enters this revised order to cure

deficiencies.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has

determined that the submitted document is deficient as described in this Order. Plaintiff

is directed to cure the following if he wishes to pursue any claims in this action. Any

papers that Plaintiff files in response to this Order must be labeled with the civil action

number identified on this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X        is not submitted
(2)   __       is missing affidavit
(3)   X        is missing **certified** copy of detainee's trust fund or institutional account
               statement for the 6-month period immediately preceding this filing
(4)   __       is missing certificate showing current balance in prison account
(5)   __       is missing required financial information
(6)   __       is missing authorization to calculate and disburse filing fee payments
(7)   __       is missing an original signature by the plaintiff
(8)   __       is not on proper form

(9) __  names in caption do not match names in caption of complaint, petition or habeas application

(10) _X_  other: <u>In the alternative, Plaintiff may pay the $405.00 filing and administrative fees.</u>

**Complaint, Petition, or Application**:

(11) _X_  is not submitted (<u>must use current court-approved Prisoner Complaint form).</u>

(12) __  is not on proper form

(13) __  is missing an original signature

(14) __  is missing page nos.

(15) __  uses et al. instead of listing all parties in caption

(16) __  names in caption do not match names in text

(17) __  addresses must be provided for all defendants

(18) __  other:

Accordingly, it is

ORDERED that if Plaintiff desires to proceed with this action at this time, he shall cure the deficiencies designated above **within 30 days from the date of this Order**. Any papers that Plaintiff files in response to this Order must include the civil action number on this Order. It is

FURTHER ORDERED that Plaintiff shall file his claims on the current Court-approved Prisoner Complaint form and either submit a Court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form along with the required information or, in the alternative, pay the $405.00 filing fee. Plaintiff may obtain copies of the court-approved forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within 30 days from the date of this Order** the action will be dismissed without further notice.

DATED June 5, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge